No. 3681

First Circuit Appeal

CHARLES SWINSON v. AARON ROSEN-
THAL

(Feb. 18, 1925, Opinion and Decree.)

(*Syllabus of the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.
The findings of the trial judge on matters of fact being clearly correct are affirmed.

Appeal from the Twenty-sixth Judicial District, Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is a damage suit arising out of an automobile accident.

Judgment for plaintiff and defendant appealed. Judgment affirmed.

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

L. L. Morgan, of New Orleans, attorney for defendant, appellant.

ELLIOTT, J. Plaintiff, Charles Swinson, alleges that he was driving in his automobile on the Slidell-Covington highway and when opposite Mandeville the automobile of the defendant, Aaron Rosenthal, driven by Rosenthal's driver and employee ran into him; striking, breaking and damaging his automobile to the extent of $118.68.

That the sole cause of the collision and of the injury sustained by the plaintiff is due to the gross fault, careless or negligent manner in which the defendant's automobile was operated.

Defendant denies the negligence, fault and responsibility for the injury to him by the plaintiff.

The district judge rendered judgment in favor of the plaintiff for the amount claimed. Defendant appealed.

Questions of fact only are involved in the case.

The evidence shows that a filling station is situated at the place where Monroe street, going out of the town of Mandeville, leading North, intersects and crosses the highway in question; the filling station is situated in the corner, on the north side of the highway and on the west side of the street and faces east on Monroe street.

According to the plaintiff and the witnesses who testified in his behalf, who partly corroborated him, plaintiff was driving West on the highway toward Covington at a speed of about twenty miles an hour. Just as he reached the place where the highway is intersected by the street and nearly opposite the filling station, defendant's automobile ran out of the filling station at a rapid rate of speed, making a curving turn out of street into the highway, darting toward the plaintiff both going in the same direction.

The driver of defendant's automobile did not look to see if anybody else was on the crossing; because he says he did not see plaintiff until he struck him. He would have been bound to see plaintiff if he had been looking or using any care or precaution as he turned to the right out up the street curving to the west in the highway, running against the plaintiff, who was riding on the highway in the crossing, both going the same direction.

According to the plaintiff and his testimony he did all he could to avoid the collision: tried to get out of the way but was unable to do so because the defendant's automobile came on him so quickly and so fast that it was impossible for him to escape—and charges that the collision was entirely due to the fault, fast and heedless driving of the defendant; and he is supported in this contention.

The witnesses, in speaking of the matter, say the defendant's automobile ran into the plaintiff.

The district judge saw the witnesses, perhaps knows them and believes the testimony of the plaintiff.

The actual damage which plaintiff sustained amounts to $118.68.

We think the judgment appealed from is correct and should be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed: the defendant and appellant to pay the cost of both courts.